# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MASTER ROOF, INC.,<br><br>    Plaintiff,<br>v.<br><br>WESTERN WORLD INSURANCE COMPANY,<br><br>    Defendant. | Case No.<br><br>[On Removal from the Superior Court of Gwinnett County, Georgia, Case No. 23-A-07958-8] |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, Defendant Western World Insurance Company ("Western World") removes this case, captioned *Master Roof, Inc. v. Western World Insurance Company*, Case No. 23-A-07958-8 from the Superior Court of Gwinnett County, Georgia, to this Court. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453. In support of removal, Western World states as follows:

## BACKGROUND

1. On September 14, 2023, Plaintiff Master Roof, Inc. ("Plaintiff") filed a Summons and Complaint ("Complaint") in the Superior Court of Gwinnett County. Exhibit A. Consistent with O.C.G.A. § 33-5-34, Western World was served with a Summons and Complaint through the Office of Commissioner of Insurance and Safety Fire on December 1, 2023. *Id*.

1

2. Plaintiff alleges Western World issued Plaintiff a Commercial Lines Policy. Compl. ¶ 13. She further claims she was charged a Total Advance Premium of $1,820. *Id.* ¶ 15.

3. Plaintiff alleges Western World contacted Plaintiff and demanded an audit for the purpose of computing an earned or audited premium. Compl. ¶ 17.

4. Plaintiff alleges that the audit premium Policy provision "omits any reference to the manner and methodology for actual calculation of the audited premium" and that Plaintiff was not provided with "any notice, disclosure, or other information as to the manner and methodology for any change or adjustment to the premium for the Policy." Compl. ¶¶ 20, 22. Plaintiff thus alleges the premium audit provision in Western World Commercial Lines Policy is "unenforceable." *Id.* ¶ 70 at WHEREFORE Clause (c).

5. Plaintiff further alleges that it is entitled to reasonable attorney's fees and costs and expenses of litigation, including reasonable attorney's fees. Compl. ¶¶ 69–70, 70 at WHEREFORE Clause (b).

6. The Complaint purports to bring claims on behalf of the following class of individuals against Western World:

> All persons or business entities who currently are insureds of Western World Surety Company under a Commercial Lines Policy of insurance that contains premium audit language, as described hereinabove, that (i) have received a demand for payment based on an audit by Western World Surety Company or (ii) are subject to a

potential increase in premium predicated upon an audit demand by Western World Surety Company.

Compl. ¶ 29.

7.     In the Complaint, Plaintiff seeks: (a) a declaration that the premium audit provision of the Commercial Lines insurance Policy is unenforceable; and (b) a declaration pursuant to O.C.G.A. § 9-4-3 determining further relief in the form of damages and/or injunctive relief directing Western World to refund all audited or earned premiums collected from previous insureds.  Compl. ¶ 70 at WHEREFORE Clause (a), (c).

## TIMELINESS OF REMOVAL

8.     Consistent with O.C.G.A. § 33-5-34 Plaintiff served the Summons and Complaint on the Office of Commissioner of Insurance and Safety Fire.  The Office of the Commissioner of Insurance and Safety Fire subsequently mailed Western World a copy of the Complaint and Summons on December 1, 2023.  Exhibit A.

9.     This removal is effected and has been timely filed within thirty days of service on Western World, within the period allowed for removal under 28 U.S.C. §§ 1446(b), 1453(b).

## VENUE

10.    This action was originally filed in the Superior Court of Gwinnett County.  As such, venue lies in the United States District Court for the Northern District of Georgia, Atlanta Division pursuant to 28 U.S.C. §§ 1441(a) and 1446(a).

3

## JURISDICTION UNDER CAFA

11.   This Court has jurisdiction over this matter, and it is properly removed pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453.

12.   The Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-2 Stat. 4 (codified in part at 28 U.S.C. § 1332(d)), vests federal courts with diversity jurisdiction over any (1) purported class action in which (2) "any member of a class of plaintiffs is a citizen of a state different from any defendant," (3) the proposed class contains at least 100 members, and (4) the amount in controversy is at least $5,000,000 in the aggregate.  28 U.S.C. §§ 1332(d)(2), (d)(5).

13.   Each of these four requirements is satisfied in this case as: (1) this is a purported class action; (2) Plaintiff is a citizen of a state different from Western World; (3) the proposed class contains at least 100 members; and (4) the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

**A.   Minimum Diversity of Citizenship Exists Under 28 U.S.C. § 1332(d)(2)(A)**

14.   The minimum diversity of citizenship criteria under CAFA requires that any member of the putative class must be a citizen of a state different from that of any defendant.  28 U.S.C. § 1332(d)(2)(A).

15.   This case satisfies the CAFA minimal diversity requirement that "any member" of the plaintiff class be a citizen of a state different from "any defendant."

16. Plaintiff is a citizen of Georgia, its state of incorporation and principal place of business. *See* Compl. ¶ 1.

17. Western World is incorporated in New Hampshire and its principal place of business is in New Jersey. Therefore, it is a citizen of both New Hampshire and New Jersey. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business . . . ."); *see also* Compl. ¶ 2. This diversity between the named parties satisfies the minimal diversity of citizenship requirement under CAFA. *See* 28 U.S.C. § 1332(d)(2)(A).

**B.     The Proposed Class Exceeds 100 Class Members**

18. The Complaint itself states: "Western World issued policies to *hundreds, if not thousands*, of individuals and business entities who are currently insureds under Commercial Lines Policies similar or identical to the Policy issued to Master Roof by Western World." Compl. ¶ 31 (emphasis added).

19. The putative class also exceeds 100 members because it includes (1) "[a]ll persons or business entities" who were insureds of Western World under a Commercial Lines Policy of insurance that contained premium audit language, that received a demand for payment based on an audit by Western World or were subject to a potential increase in premium predicated upon an audit demand by Western World; (2) nationwide; (3) over a six-year period. Compl. ¶ 29; O.C.G.A. §9-3-24.

### C. The Amount in Controversy Exceeds $5,000,000[1]

20. Based upon the Plaintiff's allegations and theories, the amount in controversy exceeds $5,000,000 in the aggregate for the entire putative class, exclusive of interest and costs.

21. A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id*.

22. Thus, a notice of removal need only cite Plaintiff's allegations and requested relief to establish the amount in controversy. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) ("[T]he [p]laintiffs' likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is *in controversy* in the case, not how much the plaintiffs are ultimately likely to recover." (citation and quotation marks omitted)).

---

[1] Though Western World disputes that Plaintiff is entitled to bring this action, denies liability, and contends that Plaintiff can recover nothing under the claims in the Complaint, for purpose of removal only, Plaintiff's allegations and the relief sought by Plaintiff are to be considered in determining the value of the claims as pled and the amount in the controversy. *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 913 (11th Cir. 2014).

23. Plaintiff seeks a declaration that the premium audit provision in the Western World Commercial Lines Policy is unenforceable because, among other reasons, it "omits any reference to the manner and methodology for actual calculation of the audited premium" and Plaintiff "was not advised as to the manner and methodology for any change or adjustment to the premium." Compl. ¶¶ 20, 22, 70 at WHEREFORE Clause (a).

24. For purposes of CAFA jurisdiction, the value of declaratory relief is measured by the value of the litigation. *Anderson v. Wilco Life Ins. Co.*, 943 F.3d 917, 925 (11th Cir. 2019) (*quoting Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1268 (11th Cir. 2000)). This can be measured by the monetary value of the benefit that would flow to the plaintiff if the relief it is seeking were granted. *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1316 (11th Cir. 2014).

25. Plaintiff has avoided stating an amount in controversy in the Complaint, but it also seeks an order directing Western World to "refund all audited or earned premiums collected from previous insureds." Compl. ¶ 70 at WHEREFORE Clause (c).

26. Simple calculation of the amount in controversy may be performed by multiplying the alleged loss by a plausible number of class members. *See*, *e.g.*, *Senterfitt v. SunTrust Mortg., Inc.*, 385 F. Supp. 2d 1377, 1383, n.8 (S.D. Ga. 2005) (allowing simple multiplication of a possible award to determine aggregate amount

7

in controversy under CAFA); *Jovine v. Abbott Labs., Inc.*, No. 11-cv-80111, 2011 WL 1337204, at *4 (S.D. Fla. Apr. 7, 2011) (denying a motion to remand after calculating the amount in controversy using simple multiplication); *see also S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1317 (11th Cir. 2014) ("Estimating the amount in controversy is not nuclear science; it does not demand decimal-point precision").

27.  Plaintiff seeks to represent a class of Western World Commercial Lines policyholders who "have received a demand for payment based on an audit" or "are subject to a potential increase in premium predicated upon an audit demand[.]" Compl. ¶ 29.  In the Complaint, Plaintiff alleges it seeks a "judicial decree determining. . . further relief in the form of damages and/or injunctive relief directing Western World to refund all audited or earned premiums collected from previous insureds[.]" Compl. ¶ 70 at WHEREFORE Clause (c).

28.  Plaintiff alleges its "Total Advance Premium" for the Commercial General Liability Coverage in the Policy was $1,500, and that premium was increased by additional charges including a "Policy Fee" of $175, Georgia sales tax of $70, and an "Inspection Fee" of $75, for a total of $1,820.  Compl. ¶ 15.

29.  According to Western World's records, the total amount of audited or earned premiums collected from the "thousands" of Western World Commercial

Lines policyholders who have been subject to premium audits in 2023 alone exceeds $5,000,000, above the CAFA threshold.

30. In addition to declaratory relief, Plaintiff also seeks costs and expenses of litigation, including reasonable attorney's fees, pursuant to O.C.G.A. §§ 9-15-14 and 13-6-11. Compl. ¶ 70. Plaintiff alleges Western World "has acted in bad faith, and has been stubbornly and maliciously litigious and has caused Plaintiff unnecessary trouble and expense." *Id*. ¶ 69. Plaintiff's requested attorney's fees may be included in assessing the jurisdictional amount in controversy because O.C.G.A. § 13-6-11 allows a plaintiff to recover litigation expenses, including attorney's fees, if the defendant has acted in bad faith. *Estate of Thornton ex. rel. Thornton v. Unum Life Ins. Co. of Am.*, 445 F.Supp.2d 1379, 1382 n.1 (N.D. Ga. 2006). Given that the declaratory relief standing alone satisfies the CAFA amount in controversy, the possibility of attorney's fees further demonstrates that the CAFA amount in controversy is met.

### D. The CAFA Exceptions to Federal Jurisdiction Do Not Apply to This Action.

31. None of the applicable exceptions to CAFA apply here. *See* 28 U.S.C. §§ 1332(d)(3–4). Additionally, the burden to prove the applicability of an exception to jurisdiction under CAFA resets with the party opposing removal. *Breuer v. Jim's*

9

*Concrete of Brevard, Inc.*, 538 U.S. 691, 698 (2003). Accordingly, it is not Western World's burden to demonstrate that any exception to CAFA does not apply.

32. Because CAFA confers federal subject matter jurisdiction over this action and no exception to that jurisdiction is applicable here, this action should remain in federal court.

## COMPLIANCE WITH 28 U.S.C. § 1446 AND LOCAL RULES

33. Consistent with 28 U.S.C. § 1446, Western World is providing this Notice, which provides the requisite "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

34. A true and correct copy of all process, pleadings, and orders in the state court action served upon Western World are attached to this Notice of Removal. 28 U.S.C. § 1446(a). Exhibit A.

35. Counsel for Plaintiff will be served with a copy of this Notice of Removal, and a copy of this Notice of Removal will be filed with the Clerk of the Court for the Superior Court of Gwinnett County. 28 U.S.C. § 1446(d).

36. Western World has complied with all applicable local rules for the Northern District of Georgia regarding this Notice of Removal.

37. The undersigned states that this removal is well-grounded in fact, warranted by existing law, and not interposed for any improper purposes.

## CONCLUSION

38. In conclusion, removal is appropriate under CAFA because: (1) the proposed class contains at least 100 members; (2) at least one member of the proposed class is a citizen of a state different from Western World; (3) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs; and (4) the procedural requirements for removal under 28 U.S.C. § 1446 have been met. For these reasons, the Court should assume full jurisdiction over this action.

Respectfully submitted, this 27th day of December, 2023.

        */s/ Daniel F. Diffley*
        Daniel F. Diffley
        Georgia Bar No. 221703
        Melissa G. Quintana
        Georgia Bar No. 891573
        **ALSTON & BIRD LLP**
        1201 W. Peachtree Street
        Atlanta, Georgia 30309
        Tel.: 404-881-7000
        Fax: 404-881-7777

        Alexander Lorenzo (*pro hac vice application forthcoming*)
        Adam Kaiser (*pro hac vice application forthcoming*)
        **ALSTON & BIRD LLP**
        90 Park Avenue
        New York, NY 10016-1387
        Tel: 212-210-9400
        Fax: 212-210-9444
        ***Attorneys for Defendant, Western World Insurance Company***

## **LOCAL RULE 7.1D CERTIFICATION**

In accordance with L.R. 7.1D, the undersigned counsel hereby certifies that, consistent with L.R. 5.1C, the foregoing document was prepared in Times New Roman font, 14 point.

On this 27th day of December, 2023.

/s/ *Daniel F. Diffley*
Daniel F. Diffley

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 27th, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system and was sent via email to the following:

**BRODERICK LAW GROUP, P.C.**
Jonathan Broderick, Georgia Bar No: 351459
jonathan@blginjurylaw.com
Suzette Broderick, Georgia Bar No. 963871
suzy@blginjurylaw.com

**CHARLIP LAW GROUP, LC**
David H. Charlip, B.C.S.
dcharlip@charliplawgroup.com


*/s/ Melissa G. Quintana*
Melissa G. Quintana